174974.1
Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

*Attorneys for Plaintiffs*
*Cartier, a division of Richemont North America, Inc.*
*and Cartier International, N.V.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CARTIER, division of RICHEMONT           :
NORTH AMERICA, INC.; and                 :
CARTIER INTERNATIONAL, N.V.,             :
                                         :
                Plaintiffs,              :    Civil Action No. 08-CV-4471 (LAK)
        v.                               :
                                         :
SEAH LLC; SKYMALL, INC.; and             :
JOHN DOES 1-10,                          :
                                         :
                Defendants.              :
-----------------------------------------------------------x

## PLAINTIFFS' REPLY ON ORDER TO SHOW CAUSE BRINGING ON MOTION FOR EXPEDITED DISCOVERY

**TAL S. BENSCHAR** declares that:

1.   I am a Partner of Kalow & Springut LLP, counsel for plaintiffs ("Plaintiffs" or "Cartier") in the above action. I make this reply in support of Plaintiffs' motion for expedited discovery from defendants.

**Defendants' Opposition Indicates That The Burden Of Expedited Discovery Will Be Minimal And That The Discovery Is Relevant**

2. Defendants' opposition is most notable for the fact that it tacitly concedes that the burden of expedited discovery will be minimal. Defendants do not dispute that the discovery sought is relevant – which means that Cartier, sooner or later, will be entitled to it.

3. Second, Cartier only seeks documents concerning (a) Defendants' supplier and (b) any customers who are believed to have acquired the watches for commercial resale or who have purchased three (3) or more such watches. Since Defendants assert that they have sold only fifteen (15) watches accused of infringement and they themselves state there is no "large network of actors selling the Seah Zodiac," Cartier's discovery requests are narrowly tailored to discover the extent of this assertedly limited "network."

4. For these reasons the burden to Defendants in being required to produce limited discovery on an expedited basis is minimal.

**The Court Can Entertain A Personal Jurisdiction Motion On An Expedited Basis**

5. Defendants also oppose the motion on the basis that they intend to file a motion challenging the Court's jurisdiction – although no such motion has been filed.

6. Such a motion appears meritless. Defendants concede that they sold an infringing product into New York. "[C]ourts have found that the offering for sale of even one copy of an infringing product in New York, even if no sale results, is sufficient to vest a court with jurisdiction over the alleged infringer." *Bensusan Rest. Corp. v. King*, 937 F.Supp. 295, 299 (S.D.N.Y. 1996), *aff'd*, 126 F.3d 25 (2d Cir. 1997); *In re Houbigant, Inc.*, 914 F. Supp. 964, 979 (S.D.N.Y. 1995).

2

7. Furthermore, Defendants offered the infringing item for sale through the SKYMALL magazine, which is distributed nationwide (including in New York) through airline carriers, as well as on Defendants' websites.

8. The above should suffice to order expedited discovery – which is very limited relief, far less than a preliminary injunction.

9. Nevertheless, if the Court believes it necessary, Defendants should submit, on an expedited basis, a motion to dismiss for lack of jurisdiction. It is highly likely, however, that, prior to submitting an opposition, Cartier will seek jurisdictional discovery at that point – a great deal of which may overlap with the expedited discovery sought here.

**Defendants Opposition Contains Several Misstatements**

10. While not particularly relevant to the merits, Cartier is constrained to respond to several misstatements in Defendants' opposition.

11. First, it is not true that Defendants were forthcoming in cooperating with Plaintiffs. To the contrary, Plaintiffs' cease-and-desist letter requested production of a number of documents and information – much of it the same as that requested on the motion for expedited discovery. Defendants simply stonewalled any meaningful response to these requests.

12. I spoke with counsel for SEAH, LLC, David Ferguson, Esq., and impressed upon him the need both for a commitment by his client to cease selling the items at issue and production of the documents requested. He answered that he would consult with his client and "get back" to me – but he never did.

13. At no time did Mr. Ferguson indicate to me that he would be counsel for Seah *in any litigation*. To the contrary, communications with him were centered around what his client needed to do to avoid litigation. I had no reason to believe that counsel located in Tampa, Florida would be litigation counsel in a case filed in New York. Moreover, my communication with SEAH on May 22nd was limited to ascertaining to whom the company wished me to serve the Order to Show Cause (and supporting papers). I received no direct reply but was told someone would call me back. Shortly thereafter, Mr. Ferguson left me a voice-mail in which he indicated he would accept service of the motion papers; I then forwarded the papers to him.

14. Likewise, SkyMall never indicated to me that Mr. Ferguson or anyone else would act as their counsel. Their letter May 7th letter (attached to Defendants' Opposition) merely referred me to their vendor, Seah, who in this case was represented by counsel.

15. Contrary to Defendants' Opposition (¶¶ 14b and 26) Mr. Ferguson never related to me the number of infringing watches sold nor the number remaining in inventory.

16. I do not understand Defendants' assertion that "Plaintiffs has still not serve a copy of the Motion for Expedited Discovery On the Defendants." (Def. Opp. ¶ 13 ) The only papers connected with such motion are the Order to Show Cause and the supporting Memorandum of Law and Declaration of Tal S. Benschar. All such papers were served on Defendants on May 22, 2008 and proof of service was filed on May 27, 2008. (DE 8)

17. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 27, 2008
New York, New York

By: _____
        Tal Benschar

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the execution date stated below a copy of the foregoing document was filed and served through the ECF system, and that notice of such filing will be sent to all counsel of record by operation of the Court's ECF system. Parties may access this filing through the ECF system.

Executed on May 27, 2008
New York, New York

By: _____
        Tal Benschar