176863.1

Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

*Attorneys for Plaintiffs*
*Cartier, a division of Richemont North America, Inc.*
*and Cartier International, N.V.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
CARTIER, division of RICHEMONT          :
NORTH AMERICA, INC.; and                :
CARTIER INTERNATIONAL, N.V.,            :
                                        :
                    Plaintiffs,         :   Civil Action No. 08-CV-4471 (LAK)
        v.                              :
                                        :
SEAH LLC; SKYMALL, INC.; and            :
JOHN DOES 1-10,                         :
                                        :
                    Defendants.         :
-----------------------------------------------------x

### PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY AND TO RESET THE BRIEFING SCHEDULE ON DEFENDANTS' MOTION TO DISMISS

Plaintiffs hereby move for jurisdictional discovery in aid of their opposition to Defendants' motion to dismiss the Complaint for lack of personal jurisdiction and improper venue or, in the alternative, to transfer venue. (DE 15 and 22)   Plaintiffs further move that the briefing schedule on such motions be extended accordingly.  A proposed Order is submitted with this motion.  In support of same, Plaintiffs state as follows:

1.      This case concerns trade dress claims under the Lanham Act and the common law with respect to a well-known design for watches – the Cartier PASHA – which has been promoted for over twenty years by Plaintiffs.  Defendant Seah, LLC ("Seah") is a Florida entity

which causes the infringing watches to be manufactured abroad and which promotes them in the United States both through its website and other media.

2. Defendant SkyMall, Inc. ("SkyMall") is a marketer of many different types of goods. The goods are marketed primarily through a magazine that is distributed through airlines throughout North America as well as the Skymall website. That website brags:

> SkyMall is a multi-channel, direct marketer offering high-quality, innovative merchandise from top direct marketers and manufacturers through its SkyMall catalog and web site, skymall.com. The SkyMall catalog is seen by approximately 88% of all domestic air passengers reaching more than 650 million air travelers annually. SkyMall also offers turn-key merchandise and fulfillment solutions for loyalty marketing programs.
>
> The SkyMall brand is almost universally known among affluent and well-educated travelers who are receptive to innovative, unique products.

3. The infringing watch items were promoted by SkyMall both in its paper catalog and on its website.

4. Defendants admit that Seah and SkyMall entered into a "Vendor Agreement" in April 2008 that provided that SkyMall would promote the products at issue in this case through both its website and catalogs which are distributed throughout the country. (*See* Levy Decl. ¶ 6; Aguilera Decl. ¶¶ 4-6) (DE 16, 17)

5. Plaintiffs seek jurisdictional discovery to determine the specific nature of the Vendor Agreement between the Defendants and the distribution of the SkyMall catalog(s) which include advertisements of the asserted infringing product. From what is known thus far, it appears that Defendants purposely directed advertisements of the infringing products to potential customers throughout the country – including in the New York area, which includes three major airports.

6. The Court may order jurisdictional discovery where there is a "reasonable basis" for inferring that the discovery may establish jurisdiction. *See Allojet PLC v. Vantage Assocs.*, 2005 WL 612848, *7 and n. 94 (S.D.N.Y. 2005). "A plaintiff should be provided with ample opportunity to secure and present evidence relevant to the existence of jurisdiction through jurisdictional discovery." *Daventree Ltd. v. Republic of Azerbaijan*, 349 F.Supp.2d 736,761 (S.D.N.Y. 2004). *See also* 2 Moore's Federal Practice, § 12.31[7] ("Generally, the district court should allow discovery if the jurisdictional claim has a reasonable basis and it appears that pertinent facts may be uncovered.")

7. Plaintiffs submit that the discovery set forth in the proposed Order is reasonable and is reasonably tailored to establishing facts which would be the basis for a finding of jurisdiction.

8. Plaintiffs also note that while defendant Seah has moved (a) to dismiss for lack of personal jurisdiction; (b) to dismiss for lack of proper venue and (c) to transfer venue, defendant SkyMall has joined only the latter two of these motions. (*See* DE 15 and 22)  Thus, SkyMall implicitly concedes that it has sufficient contacts with New York to establish jurisdiction here – which is likely a result of the widespread distribution of its catalog – a catalog which contained advertisements of the assertedly infringing product. This too supports the argument that the discovery sought here will uncover facts sufficient to establish jurisdiction.

9. Finally, Plaintiffs note that shortly after Defendants filed their motions to dismiss or transfer venue, Plaintiffs' counsel contacted their counsel to attempt to work out these issues through stipulation. The matter was almost worked out, a stipulation was prepared and about to be signed and submitted to the Court for consideration, when we were informed that Defendants had determined to obtain new counsel and that the old counsel could not sign the stipulation. We

indicated to all counsel that we were still willing to proceed with the stipulation, but no response has been forthcoming.

10. Accordingly, for the foregoing reasons it is respectfully requested that the Court grant Plaintiffs' motions and enter an Order in the form submitted.

Respectfully Submitted,

KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
Tel: (212) 813-1600
Fax: (212) 813-9600
*Attorneys for Plaintiffs
Cartier, a division of Richemont
North America, Inc. and Cartier
International, N.V.*

Dated: June 23, 2008

By: _____
Milton Springut (MS6571)
Tal S. Benschar (TSB0838)

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the execution date stated below a copy of the foregoing document was filed and served through the ECF system, and that notice of such filing will be sent to all counsel of record by operation of the Court's ECF system. Parties may access this filing through the ECF system.

Executed on June 23, 2008
New York, New York

By: _____
Tal S. Benschar

4

176862.1

Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

*Attorneys for Plaintiffs*
*Cartier, a division of Richemont North America, Inc.*
*and Cartier International, N.V.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
CARTIER, division of RICHEMONT  :
NORTH AMERICA, INC.; and        :
CARTIER INTERNATIONAL, N.V.,    :
                                :
          Plaintiffs,           :   Civil Action No. 08-CV-4471 (LAK)
     v.                         :
                                :
SEAH LLC; SKYMALL, INC.; and    :
JOHN DOES 1-10,                 :
                                :
          Defendants.           :
------------------------------------------------------x

### [proposed] ORDER REGARDING
### JURISDICTIONAL DISCOVERY AND BRIEFING
### OF MOTION TO DISMISS

Defendants having moved to dismiss the Complaint for lack of personal jurisdiction and improper venue pursuant to Rule 12(b) of the Federal Rules of Civil Procedure or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404 (DE 15 and 22); and Plaintiffs having moved for leave to take jurisdictional discovery prior to responding to the motion and to extend the briefing schedule on such motions to accommodate the jurisdictional discovery; and for good cause shown, it is hereby

ORDERED by the Court that Plaintiffs' motions are hereby GRANTED as follows:

1.  No later than ten (10) business days after the entry of this Order, Defendants shall each produce, as per Rule 34 of the Federal Rules of Civil Procedure, all documents set forth in the attached Schedule A.

2.  No later than twenty (20) business days after the entry of this Order, Defendants shall each appear for deposition, by an officer, director or managing agent, or such other person willing to testify on each of their behalf, in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, with respect to the deposition topics set forth in the attached Schedule A. The depositions may be taken by telephonic means. The jurisdictional discovery depositions may be taken at the same time Plaintiffs depose either of the Defendants in accordance with the expedited discovery order dated May 28, 2008.

3.  Plaintiffs' opposition to the Motion to Dismiss (DE 15 and 22) shall be due ten (10) business days after completion of the above jurisdictional discovery and receipt of the deposition transcripts by counsel. Defendants shall have seven (7) business days thereafter to serve and file their replies to Plaintiffs' opposition papers.

**IT IS SO ORDERED**:


Dated: _____, 2008                              _____
                                                     Lewis A. Kaplan, U.S.D.J.

# SCHEDULE A
# JURISDICTIONAL DISCOVERY

**Definitions**

1. The Uniform Definitions in Discovery contained in S.D.N.Y. Local Civil Rule 26.3 are hereby incorporated into this Schedule.

2. "Defendants" shall include all defendants and all their agents, servants, officers, directors and employees.

3. The "SEAH ZODIAC" Watch Collection shall mean those watches shown in Benschar Declaration Exhibit C to Plaintiffs' motion for expedited discovery (DE 7) and any other watches identified in any of Defendants advertisement by such designation.

**Documents To Be Produced**

1. A copy of the "Vendor Agreement" between Seah, LLC and SkyMall, Inc. and any other documents reflecting the contractual relationship between them.

2. A copy of each SkyMall catalog which contained any advertisement or listing for the SEAH ZODIAC Watch Collection or any one of them.

3. Documents sufficient to show the distribution, including the geographic distribution and quantities distributed, of any catalogs of the type referenced in Doc. Request No. 2.

4. Documents sufficient to show the venues (including names of airlines, airports or other venues) through which any catalogs of the type referenced in Doc. Request No. 2 were distributed.

**Deposition Topics**

1. The "Vendor Agreement" between Seah, LLC and SkyMall, Inc. and any other documents reflecting the contractual relationship between them.

2. The distribution, including the geographic distribution and quantity distributed, of any catalogs of the type referenced in Doc. Request No. 2.

3. The venues (including names of airlines, airports or other venues) through which any catalogs of the type referenced in Doc. Request No. 2 were distributed.

4. All documents produced in jurisdictional discovery, and the search for such documents.